```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
SUZANNE FELTENSTEIN,                      :
                    Plaintiff,            :
                                          :         MEMORANDUM OPINION
v.                                        :         AND ORDER
                                          :
45 SOUTH MAIN STREET, CORP. and CVS       :         18 CV 4929 (VB)
ALBANY, L.L.C.,                           :
                    Defendants.           :
--------------------------------------------------------------x
```

Briccetti, J.:

Plaintiff Suzanne Feltenstein sues defendants 45 South Main Street, Corp. and CVS Albany, L.L.C., under the Americans with Disabilities Act (the "ADA") and New York State law. Plaintiff, who uses a wheelchair, claims defendants own, lease, or operate a CVS pharmacy (the "pharmacy") in New Rochelle, New York, containing architectural and other barriers that render the store inaccessible to disabled customers.

Now pending is plaintiff's motion for leave to amend the complaint. (Doc. #30).

For the following reasons, the motion is GRANTED.

The Court has subject matter jurisdiction under 28 U.S.C. § 1331.

### BACKGROUND

The Court briefly summarizes the nature of the case to the extent necessary to resolve the pending motion, accepting plaintiff's well-pleaded factual allegations as true and drawing all reasonable inferences in plaintiff's favor.

Plaintiff alleges she suffers from medical conditions that require her to use a wheelchair. She claims she tried to access the pharmacy but could not due to several barriers that violate the ADA. Plaintiff asserts those barriers, for which defendants are allegedly responsible, deprived plaintiff of "safe, equal and complete access" to the pharmacy, which plaintiff alleges is a place of public accommodation. (Doc. #1 ("Compl.") ¶ 20).

1

The original complaint alleged four barriers at the pharmacy: inaccessible entrances, an obstructed platform lift with no key, interior routes narrower than 36 inches, and endcaps[1] without sufficient maneuvering clearances. (Compl. ¶ 22). The complaint also stated, "Notice is . . . given that plaintiff intends on amending the Complaint to include any violations discovered during an inspection that are not contained in this Complaint." (Id. ¶ 24).

On January 11, 2019, at the parties' joint request, the Court issued a Revised Civil Case Discovery Plan and Scheduling Order pursuant to which the parties' time to move for leave to amend a pleading expired on October 20, 2018. (Doc. #28 ¶ 3).

On April 2, 2019, nearly six months after the deadline, plaintiff filed the instant motion for leave to amend (Doc. #30), together with a proposed amended complaint (Doc. #31-1 ("Proposed Am. Compl.")). The proposed amended complaint identifies sixteen barriers in total that allegedly violate the ADA. (See id. ¶ 22). Plaintiff has since withdrawn her proposed new allegations concerning two of those sixteen barriers: (i) that certain steps have no handrail extension (id. ¶ 22(III)), and (ii) that drinking fountains are too far off the ground and protrude too far from the walls (id. ¶ 22(XVI)). (See Doc. #37 at 7).

After plaintiff filed the instant motion, the Court issued a Second Revised Civil Case Discovery Plan and Scheduling Order extending the parties' time to complete discovery to June 21, 2019. (Doc. #35 ¶ 8).

---

[1]  An endcap is a product display at the end of an aisle in a store.

**DISCUSSION**

I.   Legal Standards

   A.   Leave to Amend

Rule 15 provides that courts "should freely give leave" to amend a pleading "when justice so requires." Fed. R. Civ. P. 15(a)(2). But courts have "discretion to deny leave for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 200 (2d Cir. 2007) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)).

Rule 16(b)(4) applies when a party moves to amend a pleading after the court-ordered deadline to do so has expired. Under that rule, a court may deny leave to amend if the movant "has failed to establish good cause" why the deadline could not reasonably have been met. Parker v. Columbia Pictures Indus., 204 F.3d 326, 340 (2d Cir. 2000); see also Grochowski v. Phoenix Const., 318 F.3d 80, 86 (2d Cir. 2003) ("Where a scheduling order has been entered, the lenient standard under Rule 15(a) . . . must be balanced against the requirement under Rule 16(b) that the Court's scheduling order 'shall not be modified except upon a showing of good cause.'" (quoting Fed. R. Civ. P. 16(b))). "'[G]ood cause' depends on the diligence of the moving party," Parker v. Columbia Pictures Indus., 204 F.3d at 340 (citation omitted), and is lacking if "the proposed amendment rests on information that the party knew, or should have known, in advance of the deadline," Enzymotec Ltd. v. NBTY, Inc., 754 F. Supp. 2d 527, 536 (E.D.N.Y. 2010) (internal quotation marks and citation omitted). A court may deny leave to amend for lack of diligence even if amendment would not prejudice the non-movant. See Gullo v. City of New York, 540 F. App'x 45, 47 (2d Cir. 2013) (summary order).

B.  Standing

"The doctrine of standing asks whether a litigant is entitled to have a federal court resolve his grievance." Hillside Metro Assocs., LLC v. JPMorgan Chase Bank, Nat'l Ass'n, 747 F.3d 44, 48 (2d Cir. 2014) (quoting Kowalski v. Tesmer, 543 U.S. 125, 128–29 (2004)). "To establish standing in federal court, any party bringing a lawsuit must allege an actual case or controversy." Deshawn E. by Charlotte E. v. Safir, 156 F.3d 340, 344 (2d Cir. 1998) (citation omitted). Namely, "a plaintiff must demonstrate that (1) he or she has suffered an injury; (2) the injury is traceable to the defendants' conduct; and (3) a federal court decision is likely to redress the injury." Id. (citation omitted).

In the ADA context, "once a plaintiff establishes standing with respect to one barrier in a place of public accommodation, that plaintiff may bring ADA challenges with respect to all other barriers on the premises that affect the plaintiff's particular disability." See Kreisler v. Second Ave. Diner Corp., 731 F.3d 184, 187–88 (2d Cir. 2013) (citing Chapman v. Pier 1 Imports (U.S.) Inc., 631 F.3d 939, 950–51 (9th Cir. 2011) (en banc); Steger v. Franco, Inc., 228 F. 3d 889, 893–94 (8th Cir. 2000)). This rule avoids subjecting businesses to piecemeal litigation and "comports with and furthers" the ADA's broad remedial purpose to "eliminat[e] widespread discrimination against the disabled and integrat[e] the disabled into the mainstream of American life." Kreisler v. Second Ave. Diner Corp., 731 F.3d at 188–89 (citations omitted).

II.  Application

Because plaintiff's motion is untimely, the Court first decides whether there is good cause for the amendment and then assesses futility, bad faith, or undue prejudice. See iMedicor, Inc v. Access Pharm., Inc., 290 F.R.D. 50, 52 (S.D.N.Y. 2013) ("[R]egardless of whether Rule 15(a) is satisfied, plaintiff must demonstrate good cause for modifying the scheduling order

4

under Rule 16(b)." (citing <u>Kassner v. 2nd Ave. Delicatessen, Inc.</u>, 496 F.3d 229, 244 (2d Cir. 2007))).

        1.       <u>Good Cause</u>

Plaintiff has shown good cause why she could not have reasonably moved for leave to amend the complaint before the October 20, 2018, deadline. The allegations she seeks to add concern alleged barriers of which plaintiff learned after her expert inspected the property during discovery. Upon learning of those alleged barriers, plaintiff promptly sought leave to amend. Moreover, discovery remains ongoing.

Defendants correctly note plaintiff consented to a Revised Civil Case Discovery Plan and Scheduling Order that extended discovery but did not extend the deadline to seek leave to amend. (Doc. #28). Plaintiff clearly should have asked to extend that deadline. Her failure to do so needlessly generated motion practice that has delayed this case and burdened the parties and the Court.

Nonetheless, exercising its discretion in light of all the circumstances, the Court concludes that plaintiff has acted with diligence sufficient to satisfy Rule 16's good cause requirement.

        2.       <u>Futility</u>

Defendants argue amendment is futile for two reasons: (i) plaintiff lacks standing to sue over the alleged barriers she wishes to add to the complaint, and (ii) plaintiff's proposed amendments fail to state a claim upon which relief can be granted.

The Court disagrees on both points.

First, plaintiff has standing to pursue the claims pleaded in the original complaint; defendants have not argued to the contrary. Plaintiff therefore also has standing to challenge any

other barriers at the facility that are related to her disability.  See Kreisler v. Second Ave. Diner Corp., 731 F.3d at 187–88 (citations omitted).  Other than the two allegations that plaintiff has agreed to withdraw, defendants do not argue any of the new barriers described in the proposed amended complaint do not relate to plaintiff's disability.

Contrary to defendants' contention, the Supreme Court's opinion in Spokeo, Inc. v. Robins, 136 S. Ct. 1540 (2016), does not render plaintiff's new allegations futile for lack of standing.  The Spokeo Court reiterated the well-worn requirement that a cognizable injury must be both concrete and particularized, id. at 1545, and held that "a bare procedural violation" of a statute, "divorced from any concrete harm," does not support Article III standing, id. at 1549 (citations omitted).  As an example of the type of injury to which its holding applied, the Court noted, "It is difficult to imagine how the dissemination of an incorrect zip code, without more, could work any concrete harm."  Id. at 1550.

In the instant case, plaintiff claims defendants' alleged ADA violations deprived plaintiff of "safe, equal and complete access" to the pharmacy (Proposed Am. Compl. ¶ 20) and "endangered plaintiff's safety and denied plaintiff the opportunity to participate in or benefit from services or accommodations because of disability" (id. ¶ 23).  Those harms are both concrete and particularized.  Unlike the harmless procedural violation underlying Spokeo, defendants' alleged failure to comply with the ADA plainly "could work a[] concrete harm." Spokeo, Inc. v. Robins, 136 S. Ct. at 1550.  Thus, Spokeo plainly has no application here.

Second, the Court cannot conclude that the proposed amended complaint's new allegations fail to state a viable claim.  Defendants argue several of the new allegations concern alleged barriers located outside defendants' property, and that other new allegations concern alleged barriers to which the ADA does not apply.  The Court cannot meaningfully assess either

argument on the undeveloped record now before it.  Accordingly, assuming plaintiff's allegations are true and drawing all reasonable inferences in her favor, the Court will leave plaintiff to her proof at this early stage of the case.

## CONCLUSION

Plaintiff having withdrawn paragraphs 22(III) and 22(XVI) of the proposed amended complaint, the motion for leave to amend the complaint is GRANTED.

By May 27, 2019, plaintiff shall file the amended complaint on the docket.

The Clerk is directed to terminate the motion.  (Doc. #30).

Dated: May 20, 2019
White Plains, NY

SO ORDERED:

_____

Vincent L. Briccetti
United States District Judge

7